## Appeal of MINNEAPOLIS SASH & DOOR CO.

Docket No. 388. Submitted May 18, 1925. Decided September 8, 1925.

*Robert G. Morrison, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before PHILLIPS, GRAUPNER, and TRAMMELL.

Taxpayer appeals from the determination of a deficiency in income and profits taxes for the year 1919 in the sum of $217.30, alleging error on the part of the Commissioner in determining taxpayer's invested capital. The answer of the Commissioner admits an error in computing invested capital and seeks to decrease the invested capital allowed by the Commissioner in the deficiency letter.

### FINDINGS OF FACT.

The Minneapolis Sash & Door Co. is a corporation organized under the laws of Minnesota, with its principal office in Minneapolis. It was organized February 23, 1906, and thereupon acquired certain assets previously owned by a corporation of the same name and assumed certain liabilities of said corporation. The charter of the corporation from which the assets were acquired had expired by limitation on December 18, 1905. On February 23, 1906, a meeting of the directors of the old corporation authorized the selling of its entire business—its stock of lumber and other materials and goods, its bills and accounts receivable, its books of account, all of its contracts, office furniture and fixtures, the good will of its business, and all other assets of whatever kind, to the new company for the sum of $30,000 and the assumption and agreement to pay by the new corporation all of the liabilities of the old corporation, and further directed that the proceeds of the sale be distributed among the stockholders and the business of the corporation be discontinued and its affairs wound up as soon as convenient.

On the same day the incorporators of the new company held a meeting authorizing and directing its officers to purchase such assets and to pay therefor the sum of $30,000 and to assume and agree to pay the liabilities of the old company. At the same meeting there were presented subscriptions for the capital stock of the new company as follows:

| | Shares |
| --- | --- |
| George M. Paine | 158 |
| Nathan Paine | 2 |
| H. Wells Bogart | 90 |
| William H. Bogart | 30 |
| William R. Pattie | 20 |

It was resolved that the entire amount of the capital stock subscribed for be called in at once and that stock be issued as paid for.

The capital stock of the old company was $30,000 and the capital stock of the new company was the same amount. The persons subscribing for the capital stock of the new company were the same persons who were the stockholders of the old company, and their subscriptions were for the number of shares of stock held by them in the old company.

On February 27, 1906, the old company transferred its assets to the new company by an instrument which recited the consideration to be the sum of $30,000 and the assumption and agreement to pay the indebtedness, liabilities, and obligations of the old company. The bill of sale covered all assets and property of whatever kind, whether real, personal, or mixed, belonging to the old company.

At the time of the transfer of the assets of the old corporation to the new corporation, there was no closing of the books of the old corporation nor any inventory of its assets, but the purchasing corporation continued to transact and conduct the business as it had previously been transacted and conducted by the old corporation. The balance sheets of the old corporation as of December 31, 1905, were as follows:

RESOURCES.

| | |
|---|---|
| Merchandise inventory | $71,343.86 |
| Warehouse tools | 81.05 |
| Barn and horses | 1,951.75 |
| Office | 1,139.75 |
| Accounts receivable | 88,383.94 |
| Bills receivable | 6,846.50 |
| | 169,746.85 |

LIABILITIES AND CAPITAL.

| | |
|---|---|
| Accounts payable | $18,684.03 |
| Bills payable | 66,809.01 |
| Capital stock | 30,000.00 |
| Surplus | 54,253.81 |
| | 169,746.85 |

On December 31, 1906, the balance sheets of the new company were as follows:

RESOURCES.

| | |
|---|---|
| Merchandise inventory | $93,339.99 |
| Warehouse tools | 106.05 |
| Barn and horses | 2,148.25 |
| Office | 1,439.75 |
| Accounts receivable | 73,596.61 |

| | |
|---|---|
| Bills receivable | $6,952.02 |
| St. Paul stock | 20,000.00 |
| Cash | 3,177.85 |
| | 200,760.52 |

LIABILITIES AND CAPITAL.

| | |
|---|---|
| Bills payable | $82,383.75 |
| Accounts payable | 14,548.55 |
| Interest payable | 1,554.10 |
| Capital stock | 30,000.00 |
| Surplus | 72,274.12 |
| | 200,760.52 |

The value of the assets, as set out in these balance sheets, was substantially the actual cash value thereof to the taxpayer as part of an operating business.

A reconciliation of surplus from said balance sheets shows net earnings of $18,020.31 for 1906. Of this amount $3,003.38 is stipulated to have been earned by the old corporation and $15,016.93 by the new corporation. On February 27, 1906, the books of the old company showed capital stock of $30,000 and surplus and undivided earnings of $57,257.19.

On May 17, 1907, the directors of the taxpayer declared a stock dividend of $70,000, which dividend was charged against the surplus of the taxpayer, which surplus was created in part by the action of the taxpayer in carrying the assets of the old corporation into the books and balance sheets of the new corporation at the book value thereof as reflected on the books of the old corporation. On March 30, 1912, the directors of the taxpayer declared a stock dividend of $100,000. On January 1, 1912, the taxpayer's books and records showed a surplus of $124,984.39, which surplus was created in part by the action of the taxpayer in carrying the assets of the old corporation into the books and balance sheets of the new corporation at the book value thereof.

As a result of operations subsequent to January 1, 1914, the then outstanding capital stock had been impaired to the extent of $50,886.95 as of December 31, 1918. There was no evidence of any distributions while the deficit existed.

In preparing its income and profits-tax return for 1919 taxpayer claimed an invested capital of $149,113.05, representing par value of its capital stock less the deficit. In the deficiency letter the Commissioner allowed invested capital of $130,000, representing the par value of taxpayer's capital stock less the stock dividend of $70,000. In his answer the Commissioner seeks to reduce the invested capital allowed in the deficiency letter by the further sum of $50,886.95, the amount of the deficit.

The invested capital of the taxpayer as of January 1, 1919, was $149,113.05.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

ARUNDELL not participating.